# UNITED STATES DISTRICT COURT

for the

## Western District of Kentucky
## Louisville Division

| | | | |
|---|---|---|---|
| Jennifer Hamilton | ) | | |
| *Plaintiff* | ) | | |
| | ) | | |
| v. | ) | Case No. | **3-16-cv-17-CRS** |
| | ) | | |
| GLA Collection Co., Inc. | ) | | |
| *Defendant* | ) | | |
| Serve: | ) | | |
|     Michael L. Lynch | ) | | |
|     2630 Gleeson Lane | ) | | |
|     Louisville, KY 40299 | ) | | |
| | ) | | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692o ("FDCPA").

2.     Defendant GLA Collection Co., Inc. ("GLA") violated the FDCPA by attempting to collect fees and/or usurious interest from Plaintiff Jennifer Hamilton that GLA had no legal right to collect from her.

### JURISDICTION

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, FDCPA, 15 U.S.C. §1692k(d), and 15 U.S.C. § 1681p.

### PARTIES

4.     Plaintiff Jennifer Hamilton (formerly known as Jennifer Stidd) is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Jefferson County, Kentucky. At all relevant times Ms. Hamilton was and is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

5.     GLA Collection Co., Inc. ("GLA") is a third-party debt collector, whose principal office is located at 2630 Gleeson Ln., Louisville, KY 40299.

6.     GLA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## FACTS

7.     Ms. Hamilton wants to improve her credit history and credit score in order to simplify and better her life. Increasing her credit score will broaden her access to credit and make the cost of credit cheaper for her.

8.     Her efforts to improve her credit history and raise her credit scores include regular monitoring of her consumer credit reports.

9.     As part of regular credit report review, Ms. Hamilton discovered two negative credit items furnished by GLA, one in the amount of $107.00 and the other in the amount of $29.00.

10.    Ms. Hamilton did not recognize GLA or the debts. Consequently, she filed a written dispute with one or more consumer credit reporting agencies.

11.    As a result of her dispute, GLA sent Ms. Hamilton a letter dated October 15, 2015 in which it acknowledged receiving notice of her dispute.

12.    Exhibit "A" is a true and accurate copy of GLA's October 15, 2015 letter.

13.    GLA's October 15th letter stated that it concluded that the dispute lacked sufficient details that would allow GLA to investigate the dispute.

14.    GLA's October 15th letter concludes with the following two paragraphs:

In acknowledgement of your dispute, we have requested the account be reports with consumer reporting agencies as disputed. Consumer reporting agencies may take up to 30 days or longer to update consumer reports and this is beyond our control.

Please see the attached summary of the charges on the account and any applicable fees and or interest. Should you have any questions regarding this account or if you wish to discuss payment arrangements, please feel free to contact us at the number listed below. We look forward to helping you resolve this matter.

15.    The "attached summary of the charges" consists of a document labeled as an "Account Itemization" for a GLA account with an Acct. # ending in 9150.

16.    Exhibit "B" is a true and accurate copy of the Account Itemization included in GLA's October 15, 2015 letter.

17.    The Account Itemization for GLA Acct. # ending in 9150 lists X-Ray Associates of Louisville as GLA's client and the original creditor for the debt.

18.    Upon information and belief, the X-Ray Associates debt was a medical debt for the treatment of an individual person on behalf of that person. This makes the X-Ray Associates debt a debt incurred for personal, family, or household purposes, which makes it a "debt" within the meaning of the FDCPA.

19.    GLA sent Ms. Hamilton the October 15, 2015 letter and Account Itemization for purposes of collecting the X-Ray Associates debt from her.

20.    The Account Itemization states that the X-Ray Associates debt is subject to interest at the rate of 18% per annum:

```
        SINGLE ACCOUNT: STIDD , JENNIFER A              OCT 15, 2015
                                                        DESK: 24
-------------------------------------------------------------------------
        ACCOUNT #:  ██████  CLIENT DEBTOR #:  ████████████
                                                        DESK: 24

    OUR CLIENT NAME:     X-RAY ASSOCIATES OF LOU-NA
    FOR:                 JENNIFER STIDD        INTEREST AT: 18% FROM DATE OF SERVICE
    DATE OF REFERRAL:05/22/12    DATE OF SERVICE: 08/01/11    DATE OF LAST PMT:

    AMOUNT REFERRED:        $    29.84
    PRINCIPAL BALANCE:      $    29.84
    ACCUMULATED INTEREST:   $     0.00
    OTHER CHARGES:          $     0.00
    COURT COSTS:            $     0.00
    ATTORNEY FEES:          $     0.00
    OTHER:                  $     0.00
    INTEREST:               $    22.60

    ACCT BAL:               $    52.44
```

Exhibit "B."

21.    Upon information and belief, the 18% that GLA accrued on the X-Ray Associates debt was pursuant to an interest-rate provision in a contract between Ms. Hamilton and X-Ray Associates of Louisville.

22.    X-Ray Associates of Louisville had no legal right to charge and accrue interest at the rate of 18% per annum. *See Grace v. LVNV Funding, Inc.*, 22 F. Supp. 3d 700, 706 (W.D. Ky. 2014) ("In view of these considerations and the broad scope of KRS § 360.010, the Court finds that PEM should not be allowed to evade Kentucky's general usury statute and collect more interest than it would automatically be entitled under the statute simply because of its own craftily-worded contract.")

23.    GLA knew or should have known that charging 18% interest on the X-Ray Associates debt was illegal and usurious.

24.    GLA misrepresented the amount and legal status of the X-Ray Associates debt in Account Itemization by providing that the debt was subject to 18% interest per annum.

25.    GLA attempted to collect unlawful and usurious interest from Ms. Hamilton in connection with the X-Ray Associates debt.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

26.     The above-described actions by GLA Collection Co., Inc. constitute violations of the Fair Debt Collection Practices Act.

27.     Defendant GLA Collection Co., Inc.'s violations of the FDCPA include, but are not limited to, the following:

(a)     Violation of 15 U.S.C. § 1692f(1): Brooks Law Office attempted to collect a debt that is not permitted by contract or law by, including but not limited to, attempting to collect unlawful and usurious interest from Ms. Hamilton;

(b)     Violation of 15 U.S.C. § 1692e(2)(A): GLA falsely represented the character, amount, and/or legal status of the debt by, including but not limited to, adding an unlawful interest on the balance due in the debt to in the Account Itemization; and

(c)     Violation of 15 U.S.C. § 1692e(5): GLA threatened "to take [an] action that cannot legally be taken" in violation of the FDCPA by, including but not limited to attempting to recover usurious interest from Ms. Hamilton that it had no legal right to collect, thereby threatening to take and action to collect a debt that cannot be legally taken.

WHEREFORE, Plaintiff requests that the Court grant the following relief in her favor and

against Defendant GLA Collection Co., Inc.

1.     The maximum amount of statutory damages provided under 15 U.S.C. §1692k;

2.     Attorney's fees, litigation expenses and costs;

3.     A trial by jury; and

3.     Such other and further relief as is appropriate.

Respectfully Submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyconsumerlaw.com